**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  Horne    Joseph    D.
       (Last)   (First)   (Initial)

Prisoner Number **V-84328** E-filing

Institutional Address  P.B.S.P. P.O. Box-7500

Crescent City, CA 95532

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Joseph Devon Horne
(Enter the full name of plaintiff in this action.)

vs.

Warden Robert Horel

(Enter the full name of respondent(s) or jailor in this action)

Case No. C 07 4592 SBA
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS** (PR)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS           - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Monterey County Superior Court, Salinas

Court                                           Location

(b) Case number, if known _____ SSO30908

(c) Date and terms of sentence April 28th 2007 (attache)

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)   Yes ✓   No ___

Where?

Name of Institution: Pelican Bay State Prison

Address: P.O. Box-7500 Crescent City CA 95532

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Please see Attached sheet labeled "Attached Document To Federal Writ of H.C."

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                           Yes ✓       No ___

    Preliminary Hearing:               Yes ✓       No ___

    Motion to Suppress:               Yes ✓       No ✗

4. How did you plead?

    Guilty ___    Not Guilty ✓    Nolo Contendere ___

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury ✓     Judge alone ___     Judge alone on a transcript ___

6. Did you testify at your trial?              Yes ✓       No ___

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                       Yes ✓       No ___

    (b)    Preliminary hearing               Yes ✓       No ___

    (c)    Time of plea                      Yes ✓       No ___

    (d)    Trial                               Yes ✓       No ✓

    (e)    Sentencing                        Yes ✓       No ___

    (f)    Appeal                            Yes ✓       No ___

    (g)    Other post-conviction proceeding   Yes ✓       No ___

8. Did you appeal your conviction?          Yes ✓       No ___

    (a)    If you did, to what court(s) did you appeal?

           Court of Appeal                  Yes ✓       No ___

           Year: 2006      Result: Conviction affirmed

           Supreme Court of California    Yes ✓       No ___

           Year: 2007      Result: Denied.

           Any other court                  Yes ___    No ✓

           Year: ___      Result: ___

    (b)    If you appealed, were the grounds the same as those that you are raising in this

| | | | | |
|---|---|---|---|---|
|1| |petition?|Yes ✓|No ___|
|2|(c)|Was there an opinion?|Yes ✓|No ___|
|3|(d)|Did you seek permission to file a late appeal under Rule 31(a)?| | |
|4| | |Yes ___|No ✓|

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?          Yes ✓      No ___

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16        (a)    If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding. Attach extra paper if you need more space.

18        I.     Name of Court: _California Supreme Court_

19               Type of Proceeding: _Petition for Writ of Habeas Corpus_

20               Grounds raised (Be brief but specific): _See Attached Document._

21               a. _____

22               b. _____\_____\_____

23               c. _____\_____\_____

24               d. _____\_____\_____

25               Result: _Denied_           Date of Result: _July 25 2007_

26        II.    Name of Court: _____

27               Type of Proceeding: _____

28               Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

III.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

IV.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes \_\_\_\_\_      No ✓

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.
2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5      Claim One: _See attached Document._
6  _____
7      Supporting Facts: _See attached Document._
8  _____
9  _____
10 _____
11     Claim Two: _See attached Document._
12 _____
13     Supporting Facts: _See attached Document._
14 _____
15 _____
16 _____
17     Claim Three: _See attached Document._
18 _____
19     Supporting Facts: _See attached Document._
20 _____
21 _____
22 _____
23     If any of these grounds was not previously presented to any other court, state briefly which
24 grounds were not presented and why:
25 _____
26 _____
27 _____
28 _____

PET. FOR WRIT OF HAB. CORPUS         - 6 -


1        List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4      Please see Attached Documents
5
6
7  Do you have an attorney for this petition?          Yes____  No ✓
8  If you do, give the name and address of your attorney:
9
10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12
13 Executed on August 8th 2007
14         Date                                       Signature of Petitioner
15
20 (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS      - 7 -

Attachment to federal writ of H.C.
Page # 2

A. Information About Your Conviction and Sentence.

Continue Section (1) Part (C).

The court imposed a term of life without parole for the murder (count 1) plus a consecutive indeterminate life term for using a firearm; a consecutive indeterminate life term for attempted murder (count 2) plus a 20 year firearm enhancement; a consecutive life term for shooting at an occupied vehicle (count 6); a consecutive life term for shooting at an occupied dwelling (count 8); a consecutive determinate term of three years for selling drugs (count 7) plus a four-year gang enhancement; and a consecutive eight month term for making a criminal threat (count 5). The court imposed additional terms and enhancements but stayed them under section 654.

Page # 2

A. Information About Your Conviction
continued part (a)(2)

Count one, murder with a "criminal street gang" special circumstance and enhancements for discharging a firearm and causing great bodily injury and death and committing the offense for the benefit of a criminal street gang (Pen. code §§ 187, 186.22, subd. (b)(1), 190.2, subd. (a)(22), 12022.53, subd. (c) and (d);[1] count two, attempted murder with gang and firearm discharge enhancements (§§ 664, 187, 186.22, subd. (b)(1)); count three, assault with a firearm with a gang enhancement (§§ 245, subd. (a)(2), 186.22, subd. (b)(1)); count five, making criminal threats (§ 422); count six, shooting at an occupied vehicle with a gang enhancement (§§ 246, 186.22, subd. (b)(1)); count seven, sale or transportation of a controlled substance with a gang enhancement (Health & Saf. code, § 11352; § 186.22, subds. ~~(b)(1) & (b)(4)(B),~~ (b)(1)); count eight, shooting at an inhabited dwelling with gang enhancements (§§ 246, 186.22, subds. (b)(1) & (b)(4)(B)); count nine, assault with a firearm with a gang enhancement (§ 245, subd. (a)(2), 186.22, subd. (b)(1)).

[1] All further statutory references are to the Pen. code unless otherwise specified.

Attached Document of Federal Writ of H.C. continue page -4- Section (a) Part I

(a) Trial defense counsel rendered ineffective assistance of counsel when he failed to protect petitioner from abusive cross-examination by the prosecutor...

(b) Trial (total) counsel rendered ineffective assistance when he refused to present petitioner's direct testimony by the normal question and answer method; instead, defense counsel did not participate in direct examination; he did not prepare petitioner for direct examination; he required petitioner to present his own testimony by narrative summary...

(c) Defense counsel rendered ineffective assistance when he failed to object to non-qualifying crimes being used to prove the street gang special circumstance and the street gang enhancements...

(d) Defense counsel rendered ineffective assistance of counsel when he failed to object to hearsay evidence that co-defendant Samantha Smith plea guilty to the crime of accessory after the fact for shooting at Beverly June's House...

(E) The conviction should be reversed for cumulative error...

(F) Defense counsel rendered ineffective assistance by failing to object to the verdict and sentence for premeditated aspect of attempted murder on the ground that the enhancement of premeditated was not plead as required...

-10-

Attach A.C.
Continue Page #6 Part B. "Grounds for Relief".

<u>Claim one:</u> Trial court erred and or trial counsel rendered ineffective assistance of counsel when they failed to protect petitioner from abusive cross examination from abusive cross examination by the prosecutor... Petitioner was denied a fair trial. (Please view constitutional violations on additional page.) Prosecutor committed misconduct...

<u>Continue: Supporting facts of claim one:</u> At trial while petitioner was on the stand being cross examined by the prosecutor neither trial counsel or trial judge protected him. The prosecutor asked petitioner more than 40 improper questions. Petitioner's trial counsel sat mute during the entire cross examination. Raising absolutely no objections. He did not participate. After trial counsel notified the courts that he did not understand the narrative summary, the courts did nothing to be sure counsel understood his position.

<u>Continue claim two:</u> Trial counsel rendered ineffective assistance of counsel when he refused to press — present petitioner's direct testimony... by the norm al question and answer method; instead defense counsel did not participate in direct examination; He did not prepare petitioner for direct examination; He required petitioner to present his own testimony by narrative summary... (Please view U.S. constitutional violations on additional page.) Petitioner was denied right to a fair trial... It further violated petitioner's right to effective assistance of counsel.

-11-

Attachment to Federal Writ of H.C.

Continue Supporting facts of Claim Two: Page -6-

A defendant may be required to testify by narrative summary, but "only" if he has admitted guilt to his lawyer...and wish to give testimony contrary to the truth. Here, trial counsel refuse to participate during Petitioner's direct testimony, telling the courts he had an "ethical obligation". At no time did Petitioner admit any guilt to defense trial counsel. Nor did Petitioner tell trial counsel that he wished to testify contrary to the truth. In other words, give perjured testimony. Trial counsel did absolutely nothing to prepare Petitioner for direct examination.

Continue Claim Three:

Defense counsel rendered ineffective assistance when he failed to object to hearsay evidence that co-defendant Samantha Smith pled guilty to the crime of accessory after the fact for shooting at Beverly Jone's house. Trial court erred in admitting evidence of a non-testifying co-defendants guilty plea.

Continue Supporting facts of Claim Three:

Trial counsel failed to object to documents of a co-defendants guilty plea. The documents was never discussed in court but merely moved into evidence at the end of trial. These documents were viewed by the jury as evidence even though the co-defendant invoked her 5th Amendment Right. Trial courts allowed in documents of a non-testifying co-defendents plea...

-12-

Attached is page 6 of Petition for Writ of H.C.
Continue Claim Four: page -6-

Defense counsel Rendered Ineffective assistance by failing to object to the verdict and sentence for the premeditated aspect of attempted murder on the grounds that the enhancement of premeditation was not pleaded as required. (Please view U.S. Constitutional violations on additional page).

Continue Support Facts: for Claim Four:

Petitioner was convicted and sentenced on the charge of the premeditated aspect of attempted murder without it ever being pleaded. Petitioner never received notice of such charge. Although the requesting of notice and plea of all charges has been long settled. Trial counsel failed to object to the verdict and sentence of ~~or did not plead~~ this charge that Petitioner never received notice of or did not plead to.

Continue Claim Five:

The trial court erred regarding the predicate felonies need for the gang special circumstances and the several gang enhancements. Defense counsel rendered ineffective assistance when he failed to object to non-qualifying crime being used to prove the street gang special circumstance and the street gang enhancement.

Continue Supporting Facts: of Claim Five.

The prosecutor used seven different crimes to prove the gang special circumstances and the several gang enhancements. These were all separate acts. The court failed to sua sponte the jury that it must be unanimous as to which two or more crimes it relied upon. At least 4 of the charges did not qualify as predicate offenses. Trial counsel failed to object to these non-qualifying offenses. Even though he had knowledge that they were committed by rival gangs.

-13-

Attached Document of Federal Writ of H.C.
Continue Page 6 Grounds for Relief... U.S. Constitutional violations for each claim:

Claim one's U.S. Constitutional Violations:
Violation of U.S. Constitution 5th and 14th Amendments. Also it violates Petitioner's 6th Amendment.

Claim Two's ~~one's~~ U.S. Constitutional violations:
Violation of U.S. Constitutional 5th, 14th and 6th Amendments.

Claim Three: U.S. Constitutional violation:
Violation of U.S. Constitution 6th and 14th Amendment.

Claim Four U.S. Constitutional Violation:
Violates U.S. Constitution, 6th, 5th and 14th Amendment.

Claim Five U.S. Constitutional Violation:
It violates U.S. Constitution 5th and 14th Amendments.

Claim Six U.S. Constitutional Violation:
5th & 6th Amendment.

Claim Seven U.S. Constitutional Violations:
5th Amendment and 6th Amendment.

Attached Document of Federal court of A.C.
Page #7-
continue list of supporting cases.

People v. Hill (1988) 17 Cal. 4th 800
People v. Holt (1984) 37 Cal. 3d 436
People v. Jackson (1986) 177 Cal. App. 3d 708
People v. Johnson (1998) 62 Cal. App. 4th 608
People v. Koontz (2002) 27 Cal. 4th 1041
People v. Lee (1994) 28 Cal. App. 4th 1724
People v. Mellius (1988) 44 Cal. 3d 713
People v. Nation (1980) 26 Cal. 3d 412
People v. Pope (1979) 23 Cal. 3d 412
People v. Robles (1970) 2 Cal. 3d 205
People v. Sanchez (1985) 170 Cal. App. 3d 216
People v. Seel (2004) 34 Cal. 4th 535
People v. Sedgell (1982) 138 Cal. App. 3d 34
Apprendi v. New Jersey (2000) 530 U.S. 436
Berger v. United States (1935) 295 U.S. 78
Brewer v. Williams (1977) 430 U.S. 18
Chapman v. California (1967) 386 U.S. 36
Crawford v. Washington (2004) 541 U.S. 36
Egar v. Superior Court (2004) 120 Cal. App. 4th 1306
Faretta v. California (1975) 422 U.S. 806, 45 L. Ed.2d 562
Gideon v. Wainwright (1963) 372 U.S. 335
In Re Antwon R. (2001) 87 Cal. App. 4th 348
In Re Joseph B. (1983) 34 Cal. 3d 952
In Re Michael S. (1983) 141 Cal. App. 3d 814
In Re Winship (1970) 397 U.S. 358
Jackson v. Virginia (1979) 443 U.S. 307

See Next Page More
-15-

Attached documents of federal writ ex A.C. page #7.

Continued list of supporting cases...

Johnson v. Zerbst (1938) 304 U.S. 458
Jones v. Smith (9th cir. 2000) 231 F.3d 1227
Nix vs. Whiteside (1986) 475 U.S. 157, 89 L.Ed 2d 123
Ohio v. Roberts (1980) 448 U.S. 56
People v. Ahart (1986) 42 Cal. 3d 1222
People v. Benevides (2005) 35 Cal. 4th 64
People v. Booth (1996) 12 Cal. 4th 652
People v. Carrera (1989) 49 Cal. 3d 291
People v. Cummings (1993) 4 Cal. 4th 1233
People v. Duran (2002) 97 Cal. App. 4th 1448
People v. Espinoza (1992) 3 Cal. 4th 806
People v. Gudison (1993) 19 Cal. App. 4th 1700
People vs. Guzman (1988) 45 Cal. 3d 915
People v. Zambrano (2004) 124 Cal. App. 4th 228
Stroone v. United States (1960) 361 U.S. 668
United States v. Cronic (1984) 466 U.S. 648
United States v. Sanchez (9th cir. 1999) 176 F.3d 1214.

-16-

Attached Document to Federal Writ of H.C.
Continue Page 6 - Additional Grounds (Claims)

Claim Six:
Appellant's Improper conviction of criminal threats, Penal code §422, Prejudiced the Entire case...

Supporting facts of claim Six:
Appellant was charged in Count V with making criminal threats, penal code 422, against his Fiancé Lisa Welch and her father Samuel. Guy Rhone, Lisa's older cousin was at the Nations Market parking lot. Rhone overheard someone, who was not visible, say if he did not get his money, he'd "blow away" or "smoke" the Welch family, starting with Lisa and the baby Jimmy. Welch told the speaker was Appellant. Lisa's father, Samuel told officer Gonzales that he overheard Appellant threaten Lisa on the telephone. Appellant wanted his money back regarding the car. Otherwise, he was going to kill them. The trial court's improperly allowed the Rhone testimony that Lisa said Appellant "had assaulted her in the past, telling the jury he has hit, punched, and kicked her on numerous occasions. These statements were highly prejudicial. The courts improperly allowed these hearsay statement to be heard by the jury, regarding the threats.

Claim Seven:
The trial court erred in admitting officer Bertrasna's opinion that Carlette was a "witness" and that Carlette was "in the area when the shooting occurred".

Supporting facts for claim Seven:
In Carlette's taped statement to officer Bertrasna, the jury was allowed to hear, over defense objection, Bertrasna's preeds—preamble. (Please view U.S. constitusion—constitution violation on additional page for count both 6 and 7.

-17-

