1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  SARA TURNER, State Bar No. 158096
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5712
    Fax:  (415) 703-1234
8   Email:  Sara.Turner@doj.ca.gov

9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                       OAKLAND DIVISION

13

   JOSEPH DEONN HORNE,                    C 07-4592 SBA (PR)
14
                              Petitioner,
15                                        OPPOSITION TO
                                          PETITIONER'S REQUEST
                                          FOR AN EVIDENTIARY
16            v.                          HEARING

   ROBERT HOREL, WARDEN,
17
                             Respondent.
18

19

20          Respondent Robert Horel, Warden, Kern Valley State Prison, hereby opposes petitioner's

21  motion for an evidentiary hearing. (See Docket entry 25.)

22  **I.    Applicable Legal Standard**

23          When presented with a motion for an evidentiary hearing, a district court "must determine

24  whether a factual basis exists in the record to support the petitioner's claim." *Baja v. Ducharme*,

25  187 F.3d 1075, 1078 (9th Cir. 1999).  An evidentiary hearing is required only if petitioner is able

26  to establish a colorable claim for relief, did not fail to develop the facts surrounding his or her claim

27  in state court, and was never given a state hearing on the claim. *Insyxiengmay v. Morgan*, 403 F.3d

28  657, 670 (9th Cir. 2005).  "In showing a colorable claim, a petitioner is 'required to allege specific

1  facts which, if true, would entitle him to relief.'"  *Earp v. Stokes*, 431 F.3d 1158, 1167 (9th Cir.

2  2005) (quoting *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998)).  Conclusory allegations, that

3  are unsupported by specific facts, do not warrant an evidentiary hearing. *Phillips v. Woodford,* 267

4  F.3d 966, 973 (9th Cir. 2001); *Williams v. Woodford*, 306 F.3d 665, 686 (9th Cir. 2002).

5  **II.   Petitioner Has Failed To Demonstrate That An Evidentiary Hearing Is Required**

6          In his petition, petitioner claimed he was denied effective assistance of counsel in the trial

7  court because he was required to testify in the narrative as opposed to being examined by his trial

8  counsel.  Petition, Ground One.  The Constitutional standard for ineffective assistance of counsel

9  contains two prongs:  (1) whether counsel's performance fell below an objective standard of

10  reasonableness, under prevailing norms of practice, and (2) whether the defendant was prejudiced,

11  in the sense that he would have received a more favorable result but for counsel's unprofessional

12  errors.  *Strickland v. Washington*, 466 U.S. 668 (1984).

13          The reason petitioner testified in the narrative was due to an ethical obligation on the part

14  of his trial counsel.  Specifically, in a declaration submitted in the state court, petitioner's counsel

15  declared, "I did not present [petitioner's] direct examination because I believed ethical reasons

16  prevented me from doing so.  The ethical reasons were my disbelief of [petitioner's] alibi and other

17  statements."  Answer to Petition, Ex. 6, attached Ex. 2, paragraph 3.  Following discussion between

18  petitioner, his trial counsel, and the trial judge, outside of the presence of the prosecutor, petitioner

19  knew of his counsel's concerns and petitioner testified against the advice of counsel.  RT 3261-65,

20  3273-74.  The testimony was in the narrative.

21          In *Nix v. Whiteside*, 475 U.S. 157 (1986), the United States Supreme Court held that the

22  right to the effective assistance of counsel is not violated by an attorney who refuses to cooperate

23  in presenting perjured testimony.  The Supreme Court rejected the defendant's contention that his

24  attorney's conduct deprived him of the right to counsel, holding that "the right to counsel includes

25  no right to have a lawyer who will cooperate with planned perjury." *Id*. at 173.  "Although counsel

26  must take all reasonable lawful means to attain the objectives of the client, counsel is precluded from

27  taking steps or in any way assisting the client in presenting false evidence or otherwise violating the

28  law." *Id*. at 166.  The Supreme Court also held that the right to testify does not include the right to

1  testify falsely. *Id.* at 173. As to what to do when confronted with a client who intends to commit

2  perjury, nothing in *Nix* disapproved the "free narrative" approach, whereby an attorney declines to

3  assist in the presentation of perjury by having the defendant testify in the narrative, as in the instant

4  case. Indeed, the Supreme Court recognized that the "free narrative" approach has been approved

5  by federal courts, including this Circuit. *Nix*, 475 U.S. at 170 n.6, (citing *Lowery v. Cardwell*, 575

6  F.2d 727 (9th Cir. 1978)). *Nix* held that there was no ineffective assistance of counsel under the

7  standard set forth in *Strickland v. Washington*, 466 U.S. at 687. *Nix,* 475 U.S. at 175.

8        Now, petitioner seeks an evidentiary hearing to show that "before trial" his trial counsel

9  and defense investigator never "expressed to him" any doubt as to "petitioner's story." Pet's. Req.

10  for Evid. Hearing at p. 1. Petitioner also requests a hearing to demonstrate that trial counsel

11  "possessed no evidence that Petitioner was being untruthful at any time." Pet's. Req. for Evid.

12  Hearing at p. 3. However, petitioner demonstrates no factual dispute necessary to resolution of his

13  claim and the state of the law is clear. There is no purpose for an evidentiary hearing because of the

14  evidence in the record that counsel believed petitioner was going to commit perjury and the Supreme

15  Court's holding in *Nix* that counsel does not render ineffective assistance by refusing to cooperate

16  in the presentation of perjury. An evidentiary hearing is not appropriate where there are no disputed

17  material facts or where the claims present purely legal questions. *See Harris v. Pulley*, 885 F.2d

18  1354, 1378 (9th Cir. 1988).

19        Petitioner also seeks an evidentiary hearing to show that he was "not informed" that his

20  counsel would not make objections during petitioner's cross examination. (Pet's. Req. For Evid.

21  Hearing at p. 4; see also Petition, Ground Two (petitioner's claim of ineffective assistance of counsel

22  with respect to cross-examination). Again. there is no need for an evidentiary hearing. In

23  addressing petitioner's legal claim, the state court of appeal applied the correct standard of

24  *Strickland*, and held that in order to "establish prejudice" as a result of his attorney's conduct during

25  cross-examination petitioner must demonstrate a reasonable probability that he would have obtained

26  a more favorable result had objections been made and sustained. Ex. 6, Appendix A at 31.

27        The Court of Appeal then examined the prosecutor's cross-examination questions,

28  petitioner's answers, and any potential objections that might have been made (Ex. 6, Appendix A

1    at 31-43), and stated:

2            [W]e conclude that defendant has failed to demonstrate a reasonable
             probability that the jury would have returned a more favorable verdict on any
3            charge or allegation had defense counsel objected to the prosecutor's questions
             whenever it was theoretically possible to do so, or had counsel raised a more
4            general claim of prosecutorial misconduct.  Simply put, as to those objections,
             both individually and collectively, counsel's omissions do not undermine our
5            confidence in the jury's verdict.  (*Strickland v. Washington, supra*, 466 U.S. at
             pp. 688, 694.)

6

7    Ex. 6, Appendix A at 43.

8            As recently noted by the Supreme Court, "[i]n deciding whether to grant an evidentiary

9    hearing, a federal court must consider whether such a hearing could enable an applicant to prove the

10   petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.

11   [Citation.] *Because the deferential standards prescribed by § 2254 control whether to grant habeas*

12   *relief, a federal court must take into account those standards in deciding whether an evidentiary*

13   *hearing is appropriate."*    *Schiro v. Landrigan*, ___ U.S. ___, 127 S.Ct. 1933, 1940 (2007)

14   (emphasis added).  "[I]f the record refutes the applicant's factual allegations or otherwise precludes

15   habeas relief, a district court is not required to hold an evidentiary hearing."  *Id*.  Here, no

16   evidentiary hearing is required in order to conclude that the state court's decision was not based on

17   an unreasonable determination of the facts in light of the evidence presented in the state court

18   proceeding, and was not contrary to, or an unreasonable application of, clearly established federal

19   law.  *See* 28 U.S.C. § 2254(d)(1).

20           As to petitioner's remaining reason for requesting an evidentiary hearing, he contends that

21   "many, "if not all witnesses were afraid to speak for any side, especially the defense because of

22   allegations made by the D.A. in open court that Petitioner's P.I. Garry St. clair was involved in

23   having witness[es] in petitioner's case shot at. . ."  Req. for Evid. Hearing at p. 2.  However,

24   petitioner did not raise this claim in the state court or in the instant federal petition for writ of habeas

25   corpus.  Thus, petitioner cannot meet the standard for obtaining an evidentiary hearing set forth in

26   28 U.S.C. § 2254(e)(2).  If the prisoner fails to sufficiently develop the record, thus "himself or

27   herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2)

28   prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's

1    other stringent requirements are met.  Federal courts sitting in habeas are not an alternative forum

2    for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."

3    *Williams v. Taylor*, 529 U.S. 420, 437 (2000).  Moreover, the record reflects that numerous

4    witnesses testified in both the prosecutor's and the defense case.  Petitioner's conclusory allegations

5    of witness intimidation are simply lacking in the factual support necessary to establish a basis for

6    habeas relief.

7            In this case, petitioner has not made the required showing for an evidentiary hearing on

8    his claims.

9                                          **CONCLUSION**

10           For all the foregoing reasons, the request motion for an evidentiary hearing is without

11   merit and must be denied.

12           Dated:  September 16, 2008

13                                  Respectfully submitted,

14                                  EDMUND G. BROWN JR.
                                    Attorney General of the State of California

15                                  DANE R. GILLETTE
                                    Chief Assistant Attorney General
16
                                    GERALD A. ENGLER
17                                  Senior Assistant Attorney General

18                                  GREGORY A. OTT
                                    Deputy Attorney General

19

20                                  /s/  Sara Turner

21                                  SARA TURNER
                                    Deputy Attorney General
22
                                    Attorneys for Respondent
23

24   SF2008401053
     20145196.wpd
25

26

27

28

Opp. To Petitioner's Request For Evidentiary Hearing - *Horne v. Horel* - C 07-4592 SBA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Horne v. Horel**

No.:   **C 07-4592 SBA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 16, 2008, I served the attached **OPPOSITION TO PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Joseph Deonn Horne
V-84328
Ken Valley State Prison
P.O. Box 5102
Delano, CA 93216

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 16, 2008, at San Francisco, California.

| | |
|---|---|
| _____Nelly Guerrero_____ | _____/S/ Nelly Guerrero_____ |
| Declarant | Signature |

20145198.wpd