IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. HORNE,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT HOREL, Warden,<br><br>    Respondent.                     / | No. C 07-04592 SBA (PR)<br><br>**ORDER DENYING MOTION FOR EVIDENTIARY HEARING**<br><br>(Docket no. 25) |

      Petitioner requests an evidentiary hearing in this action.

      Under the AEDPA express limitations are imposed on the power of a federal court to grant an evidentiary hearing. The habeas statute provides that a district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

      Even if an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by § 2254(e)(2), one is not required. Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000).

1  The district court retains discretion whether to hold an evidentiary hearing or to expand the record
2  with discovery and documentary evidence instead.  <u>Williams v. Woodford</u>, 384 F.3d 567, 590 (9th
3  Cir. 2004).  This permissible intermediate step may avoid the necessity of an expensive and time
4  consuming hearing in every habeas corpus case.  <u>Id.</u> at 590-91.

   Here, as a threshold matter, Petitioner has not alleged why he is entitled to an evidentiary hearing under § 2254(e)(2).  He does not assert that his claim relies on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, nor does he allege that the factual predicate of his claim could not have been previously discovered through the exercise of due diligence.  Moreover, it is not clear to the Court that the facts which Petitioner seeks to develop could not be gathered other than by way of an evidentiary hearing, through the use of discovery and supplementation of the record.  <u>See</u> <u>Downs</u>, 232 F.3d at 1041.  Accordingly, the request for an evidentiary hearing is DENIED without prejudice as premature.  This denial is without prejudice to the Court's <u>sua sponte</u> reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

   This Order terminates Docket no. 25.

   IT IS SO ORDERED.

Dated: September 30, 2009

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.07\Horne4592.DenyEvid.frm 2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH D. HORNE,

        Plaintiff,

  v.

ROBERT HOREL et al,

        Defendant.

Case Number: CV07-04592 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 5, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Deonn Horne V-84328
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216

Dated: October 5, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.07\Horne4592.DenyEvid.frm